UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIFFANY HOULE, ) | |
|     Plaintiff, ) | |
| ) | |
| v.  ) | C.A. No. 16-cv-049-M-LDA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
|     Defendant. ) | |

## ORDER

Tiffany Houle applied for disability insurance benefits and supplemental security income, claiming disability as of May 1, 2013. Her claims were denied initially and on reconsideration. She appealed and requested a hearing. The Administrative Law Judge found that based on her residual function capacity ("RFC"), Ms. Houle was capable of successfully adjusting to other work and therefore was not disabled. Ms. Houle appeals to this Court claiming that the ALJ improperly weighed the opinions of the treating therapists and failed to evaluate properly Ms. Houle's credibility.

### Facts

Ms. Houle is a 48-year-old mother of three young children, who completed the ninth grade and lives with her mother. Over the years, she has been employed as a cashier at a gas station and an attendant at a donut shop, both jobs described as light and unskilled in nature. She left her gas station job because she birthed a child prematurely, and she left her donut shop job due to her anxiety. She has not worked

since May of 2013 and claims to be unable to work because she has difficulties getting along with others.

Ms. Houle has had long-standing mental health impairments. The ALJ found that she has dysthymic (depression) disorder, attention deficit hyperactivity disorder, borderline intellectual functioning, and general anxiety disorder. She found each of these was a severe impairment and caused more than a slight restriction in Ms. Houle's ability to perform basic work-related activities. The ALJ found that these impairments did not meet or did not medically equal the criteria of listing conditions. The ALJ concluded that Ms. Houle had a RFC to perform "a full range of work at all exertion levels, but with some nonexertional limitations." While she is unable to perform past relevant work as a cashier, the ALJ found that based on the testing of the vocational expert that Ms. Houle could successfully adjust to other work, including occupations such as a cleaner, inspector, production laborer, and machine tender – all jobs that would limit her need to interact with the public. Based on these findings, the ALJ found that Ms. Houle was not disabled.

*Analysis*

This Court's review of facts determined by the Commissioner is limited to whether the Commissioner's findings are "supported by substantial evidence." 42 U.S.C. § 405(g). The Court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Irlanda Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted) (quoting

*Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). Thus, the Court "must affirm the [Commissioner's final decision], even if the record could arguably justify a different conclusion, so long as it is supported by substantial evidence." *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Ms. Houle claims the ALJ erred in establishing her RFC because the ALJ made a decision on the RFC without the aid of a medical opinion, the two treating therapist's opinions were inappropriately dismissed, and the ALJ inappropriately relied on GAF scores.

First, Ms. Houle claims that the ALJ improperly weighed the opinion evidence. Ms. Houle is correct that an ALJ lacks the expertise to make an RFC assessment without an opinion from a physician. *Rivera-Torres v. Sec'y of Health & Human Servs.*, 837 F.2d 4, 7 (1st Cir. 1988) (per curiam) (citing *Berrios v. Sec'y of Health & Human Servs.*, 796 F.2d 574, 576 (1st Cir. 1986)) ("[T]he ALJ, a lay factfinder, lacks sufficient expertise to conclude claimant has [certain functional abilities]. Rather, an explanation of claimant's functional capacity from a doctor is needed."). However, the ALJ here did not make the RFC assessment without the aid of medical opinion. The ALJ's RFC finding is substantively consistent with the opinions of two consulting psychologists, Dr. John Warren and Dr. Jeffery Hughes. Both medical doctors found

that Ms. Houle was not disabled.  Dr. Warren found that Ms. Houle was able to understand/remember simple instructions, but unable to do so for moderately to highly complex/detailed instructions; able to sustain the mental demands associated with carrying out simple tasks over the course of a routine workday/workweek with acceptable attention, persistence, and pace tolerances, but unable to do so for moderately to highly complex/detailed tasks requiring sustained attention; and able to sustain the basic demands associated with relating adequately with supervisors/co-workers, but unable to interact appropriately with the general public.  Dr. Hughes independently came to the same conclusion that Ms. Houle was not disabled.  These medical opinions are consistent with the ALJ's RFC finding.

Second, Ms. Houle claims that the ALJ did not afford the appropriate weight to the opinions from her two treating therapists.  Neither therapist is an "acceptable medical source" under agency regulations, and therefore neither therapist is entitled to the controlling weight afforded to a claimant's treating sources.  20 C.F.R. §§ 404.1513(a), 416.913(a) (stating that acceptable medical sources include licensed physicians and licensed or certified psychologists).  Although not entitled to controlling weight, their opinions, for other purposes, may be considered, including showing the severity of the individual's impairment and how it affects the ability to function.

> The ALJ could not simply ignore [the therapist's] opinion.  Although *acceptable medical sources* are the primary sources of evidence about the severity of impairment and its effect on work abilities, they are not the sole permissible sources of such evidence.  20 C.F.R. §§ 416.913(d); 416.929(c)(3).  [The therapist] was a *medical source* capable of providing evidence about the severity and effects of impairment, as well as a

4

general source of evidence. 20 C.F.R. §§ 416.902, 416.912(b), 416.913(d), 416.945(a). The ALJ was required to weigh all of the evidence. 20 C.F.R. §§ 416.920(a)(3), 416.920a (a) & (c); 416.927(c).

*Alcantara v. Astrue*, 257 F. App'x 333, 334–35 (1st Cir. 2007) (per curiam).

That is exactly what the ALJ did here. She stated that she considered all opinion evidence and reviewed extensively the report and findings of the two therapists. The ALJ found an inherent conflict between the therapists' assessments because one of the therapists gave Ms. Houle a GAF score of 55 while the other gave her a 60. After her extensive review of all of the evidence, the ALJ found a RFC that was consistent with the two state agency consultants, Drs. Warren and Hughes. This Court cannot say that substantial evidence did not support the ALJ's findings.

Third, Ms. Houle claims that the ALJ failed to evaluate properly Ms. Houle's subjective complaints, alleging that the ALJ's findings concerning Ms. Houle's credibility were cursory and conclusory and lacked the required specific findings. The ALJ was required to determine the extent to which Ms. Houle's subjective complaints of symptoms and resulting limitations could be credited. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Avery v. Sec'y of Health & Human Servs.*, 797 F.2d 19, 29 (1st Cir. 1986). Here, the ALJ considered Ms. Houle's activities of daily living, including her ability to care for herself and her children, the fact that she did not seek treatment for her allegedly disabling mental impairments for the majority of her adult life, her failure to consistently comply with prescribed counseling and medication, and normal mental status evaluations noted by psychiatrist Dr. David E. Kroessler. Contrary to Ms. Houle's arguments, the ALJ's assessment of the

5

credibility of her subjective complaints of symptoms and resulting functional limitations is supported by substantial evidence. The ALJ, therefore, did not fail to comply with the requirements set out by the First Circuit in *Avery* in conducting her credibility analysis.

### Conclusion

A review of the record establishes that substantial evidence supports the ALJ's finding of no disability due to Ms. Houle's ability to make a successful adjustment to other work that exists in significant numbers in the national economy. Therefore, this Court must affirm the decision of the Commissioner. The Court DENIES Ms. Houle's Motion to Reverse (ECF No. 11) and GRANTS the Commissioner's Motion to Affirm. ECF No. 12.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

December 21, 2016